# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CALVIN GAINES, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) Case No. 2:07-cv-0540-KOB-TMP |
|  | ) |
| NURSE C. SHARIETT, et al., | ) |
|  | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on January 9, 2009, recommending that: (1) Defendants PHS and Shariett's motion for summary judgment as to the plaintiff's Eighth Amendment medical claims be granted; (2) Defendants Huel and Roy's motions for summary judgment as to the plaintiff's claims against them in their official capacities for monetary damages be granted; (3) Defendant Huel's motion for summary judgment as to the plaintiff's Eighth Amendment medical claims be denied; (4) Defendant Huel's motion for summary judgment as to the plaintiff's Eighth Amendment medical claims on the basis of qualified immunity be denied; and (5) Defendant Kennedy Roy's motion for summary judgment as to the plaintiff's Eighth Amendment medical claims be granted. The parties were allowed fifteen (15) days in which to file written objections to the magistrate judge's recommendations. The plaintiff filed objections on January 26, 2009. (Doc. 41.)

The plaintiff objects to the magistrate judge's finding that Defendant PHS is entitled to summary judgment and that the plaintiff's claims against PHS is due to be dismissed. Plaintiff

alleged that PHS failed to adequately train its employees about how to handle suicidal inmates. But the standard of liability is not mere negligence, but deliberate indifference to the need for training. PHS has provided evidence that, in fact, it does train its employees on the problems of suicidal inmates. Even if that training could be better, it cannot be said to be deliberately indifferent to the risk of suicidal inmates. Thus, Defendant PHS is entitled to summary judgment as to the plaintiff's claims against it in accordance with the magistrate judge's Report and Recommendation.

The plaintiff objects to the dismissal of his Eighth Amendment claims against Defendant Christopher Shariett on the basis of failing to exhaust his administrative remedies. The medical staff at Donaldson utilizes a two-step grievance procedure for inmates who wish to complain about medical treatment. (Doc. 14, Shariett Aff. ¶ 14.) The grievance process is initiated when an inmate submits an informal Inmate Grievance Form to the Health Services Administrator ("HSA") through the institutional mail system. (Doc. 14, Shariett Aff. ¶ 15.)  After reviewing the Inmate Grievance and the inmate's medical chart, the HSA then provides a written response within five (5) days of receipt of the Inmate Grievance. *Id.* The HSA's written response to an Inmate Grievance is included on the bottom portion of the same form containing the inmate's Inmate Grievance. *Id*. Below the portion of the form designated for the "Response," the following notation appears:

> If you wish to appeal this review you may request a <u>Grievance Appeal</u> form from the Health Services Administrator. Return the completed form to the attention of the [] Health Service Administrator. You may place the form in the sick call request box or give it to the segregation sick call nurse on rounds.

*Id.*

The plaintiff contends he filed grievances through PHS's institutional grievance procedure but did not receive a timely response. It is undisputed that the plaintiff filed grievances with PHS

on February 16, 2007, and March 3, 2007.[1] (Docs. 33 at 6 & 34.) It is also undisputed that a PHS official did not respond to the plaintiff's grievances until March 20, 2007, therefore, making the response untimely according to PHS's policy. *Id.* The plaintiff reasons that since PHS did not respond to his grievances within five (5) days – pursuant to PHS's policy – he exhausted his administrative remedies.[2]

While the Eleventh Circuit has not ruled on this specific issue, other circuits have found that an inmate meets the PLRA exhaustion requirement if officials fail to timely respond to the inmate's grievance. *See Boyd v. Corr. Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004)("conclud[ing] that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"), *cert. denied*, 544 U.S. 920 (2005); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002)(holding prison's failure to timely respond to grievance renders administrative remedies unavailable); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001)(holding prisoner exhausted

---

[1] The plaintiff's February 16, 2007, grievance is on a form entitled, "Prison Health Services, Inc. Inmate Grievance." (Doc. 34.) The plaintiff's March 3, 2007, grievance is on a form entitled, "Prison Health Services Medical Complaint Form." (Doc. 33 at 6.) It is not clear if there is a substantive difference between the two forms.

[2] It should be noted that the plaintiff's March 3, 2007, grievance concerned PHS's failure to respond to his earlier grievance. (Doc. 33 at 6.) Specifically, the plaintiff writes in the grievance:

> I [would] like to know why haven't you all responded to my complaint that I've file on or about two weeks ago on Nurse C. Shariett? I've also filed a grievance on Nurse C. Shariett and didn't get a response. I will like to know something.
>
> What good do it due having medical complaint forms and you all don't honor them by responding to the complaint?

*Id.* Therefore, it appears the plaintiff also sought administrative relief once he failed to receive a response to his initial grievance.

available remedies where prison officials failed to respond to his informal grievances); *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998)(holding "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison grievance procedure have expired"), *abrogated in part by Jones v. Brock*, 549 U.S. 199 (2007)(abrogating the holding in *Underwood* that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Whitington v. Ortiz*, 472 F.3d 804, 807-08 (10th Cir. 2007)("[w]hen prison officials fail to timely respond to a grievance, the prisoner has exhausted 'available' administrative remedies under the PLRA"); *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 234 (6th Cir. 2006)("[t]he exhaustion requirement in satisfied where prison officials fail to timely respond to an inmate's written grievance"). This court likewise concludes that prison medical officials may not prevent a prisoner from exhausting administrative procedures with respect to a medical claim by simply failing to respond to the inmate's complaints. Once an inmate submits his grievance and the time for a response expires, the grievance procedure has been exhausted for PLRA purposes.

According to PHS's inmate grievance procedure, once an inmate has submitted a grievance, the Health Services Administrator ("HSA") must provide a written response within five (5) days of receipt. (Doc. 14, Shariett Aff. ¶ 15.) It is undisputed that a PHS official did not respond to the plaintiff's grievances within the required time period. Instead, a PHS official did not respond to the plaintiff's first grievance until a month after the plaintiff submitted his first grievance. *See Green v. Roberts*, No. 2:06-CV-667-WKW, 2008 WL 4767471 at * 4 (M.D. Ala. October 29, 2008)(holding inmate "met the PLRA exhaustion requirements" after jail failed to respond to the plaintiff's grievance within time limits set forth in jail's inmate grievance policy). Thus, the magistrate judge's Report and Recommendation is due to be rejected to the extent it recommends

dismissal of the plaintiff's Eighth Amendment medical claims against Defendant Shariett for failure to exhaust his administrative remedies. The plaintiff exhausted the remedies available to him.

Moreover, Defendant Shariett is not entitled to the defense of qualified immunity since the material facts alleged by the plaintiff, if true, show that Shariett's conduct violated clearly established statutory or constitutional rights of which a reasonable official would have known. *See Heggs v. Grant*, 73 F.3d 317, 320 (11th Cir. 1996) ("It is clearly established that jail officials may not act with deliberate indifference to the risk of inmate suicide."); *Snow v. City of Citronelle, Ala.*, 420 F.3d 1262. 1270 (11th Cir. 2005)("Because, at the time of Poiroux's [suicide], it was clearly established that an officer's deliberate indifference to the risk of serious harm [to an inmate is a constitutional violation], the district court erroneously granted summary judgment on the [plaintiff's] claim against [the defendant].). Taken favorably for the plaintiff, the evidence indicates that defendant Shariett watched plaintiff take twenty blood pressure pills in a suicide attempt, while doing nothing to prevent it or provide treatment in response to it. While these may not end up being the true facts, they are assumed true for purposes of resolving defendant's motion for summary judgment.

Next, the plaintiff objects to the dismissal of his claims against Defendant Roy. Specifically, the magistrate judge found that the plaintiff failed to establish that Defendant Roy knew the plaintiff was suffering from a serious medical need but failed to respond. In his objections, the plaintiff points to Defendant Shariett's affidavit testimony that "the correctional officers reported to [Shariett] and the other members of the medical staff that Gaines had made statements to the effect that he had ingested 20 pills of blood pressure medication and that he was going to kill himself." (Doc. 14, Shariett Aff. at ¶ 9.) The plaintiff reasons that Shariett's statement is sufficient to show Defendant

Roy must have been aware of the plaintiff's statements in order to convey the same to medical staff. The plaintiff's argument is without merit.

First, Shariett does not set forth the names of the officers who informed medical staff of the plaintiff's suicidal statements. Even if Roy did personally inform medical staff of the plaintiff's statements, there is no evidence that Roy personally overheard the plaintiff make the statements, as opposed to learning of them through other officers or inmates. Thus, Shariett's testimony does not establish Defendant Roy had personal knowledge that the plaintiff was in his cell, suffering from an overdose, and failed to act.

Lastly, the plaintiff objects to the dismissal of his claims against Defendants Huel and Roy in their *official* capacities for money damages. It appears that the plaintiff sets out the standard for qualified immunity in support of his objection. (Doc. 41 at 8-10.) However, the plaintiff's reasoning is misplaced. It is well established that the Eleventh Amendment to the United States Constitution bars 42 U.S.C. § 1983 claims against the state or an agency of the state. *See Pennhurst State Sch. & Hosp. v Halderman*, 465 U.S. 89, 100 (1984). Likewise, lawsuits against a state official in his or her official capacity are suits against the state when "the state is the real, substantial party in interest." *Id*. at 101. Therefore, Defendants Huel and Roy are entitled to immunity as to the plaintiff's claims against them, in their *official* capacities for monetary relief.[3]

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections filed by the plaintiff, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the magistrate judge's

---

[3] Of course, the claim against Officer Huel in his *personal* capacity will proceed, as the magistrate judge recommended that his defense of qualified immunity be denied.

recommendation is ACCEPTED, with the exception of the plaintiff's Eighth Amendment medical claims against Defendant Shariett.  The recommendation to dismiss the plaintiff's Eighth Amendment medical claims against Defendant Shariett for failing to exhaust administrative remedies is REJECTED.  The Court finds as follows:

     1.     The Court EXPRESSLY FINDS that there are no genuine issues of material fact as to the plaintiff's Eighth Amendment medical claims against PHS, Inc.  Therefore, PHS's motion for summary judgment is due to be GRANTED and all claims against Defendant PHS are due to be DISMISSED WITH PREJUDICE;

     2.     The Court EXPRESSLY FINDS  that there are no genuine issues of material fact as to the plaintiff's claims against Defendants Roy and Huel in their *official* capacities.  Therefore, Roy and Huel's motions for summary judgment are due to be GRANTED to the extent they are sued in their official capacities.  All claims against Defendants Roy and Huel, in their official capacities, are due to be DISMISSED WITH PREJUDICE;

     3.     The Court EXPRESSLY FINDS that there are no genuine issues of material fact as to the plaintiff's Eighth Amendment medical claim against Defendant Roy, in his individual capacity.  Therefore, Defendant Roy's motion for summary judgment is due to be GRANTED, and the claim against him in his *personal* capacity be DISMISSED WITH PREJUDICE..

     4.     The Court EXPRESSLY FINDS that there are genuine issues of material fact as to the plaintiff's Eighth Amendment medical claims against Defendant Shariett and Defendant Huel, in his individual capacity.  Therefore, Defendants Shariett and Huel's motions for summary judgment are due to be DENIED.

An appropriate order will be entered. The Clerk is DIRECTED to mail a copy of the foregoing to the plaintiff.

DATED this 19th day of February 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE